SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

DEC 2 7 2006

J.T. NOBLIN, CLERK
By_____ Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**ALBEN D. BROWN, JESSIE CLARK**          **PLAINTIFFS/COUNTERDEFENDANTS**
**AND SHERRIE CLARK**


**VERSUS**                              **CIVIL ACTION NO: 1:05 CV148-LTS-JMR**


**ANITA E. MANN AND HENRY MANN**          **DEFENDANTS/COUNTERCLAIMENTS**

### OPINION

This cause is before the Court on Motion of Counterclaimants, Anita E. Mann and Henry Mann for Summary Judgment against Plaintiffs and Counterdefendants, Alben D. Brown, Jessie Clark and Sherrie Clark. Having examined the pleadings, affidavits and other documentary evidence submitted by the parties, the Court finds as follows:

### FACTS

This lawsuit is concerned with the title to real property in George County, Mississippi, described as follows:

GEORGE COUNTY, MISSISSIPPI
TOWNSHIP 1 SOUTH, RANGE 6 WEST

SECTION 13: Commence at the SW corner of NW 1/4 of the SE 1/4 of Section 13, Township 1 South, Range 6 West, George County, Mississippi, for the POINT OF BEGINNING: THENCE RUN North 12 chains; thence run East 10 chains; thence run South 12 chains; thence run West 10 chains, back to the Point of Beginning. Containing 12 acres, more or less.

LESS AND EXCEPT:

GEORGE COUNTY, MISSISSIPPI
TOWNSHIP 1 SOUTH, RANGE 6 WEST

SECTION 13: Begin at the SW corner of the NW 1/4 of the SE 1/4 of Section 13, TIS, R6W, George Co., Ms., thence run North 89 degrees 06' 02" East along an old fence line 689.77 feet to an existing fence corner, thence run North 0 degrees

52' 59" West 200.10 feet along a fence line to a set rebar. Thence run South 89 degrees, 05' 27" West 687.18 feet to a set rebar on the West line of said quarter, thence run South 0 degrees 08' 26" East 200.0 feet to the Point of Beginning. All containing 3.16 acres. More or less.

In 1981, Howard W. Rust Jr. and wife, Wilma J. Rust, and Howard W. Rust Sr. were the owners of this real property. They began borrowing money from the United States of America, acting through the Farmers Home Administration, a division of the United State Department of Agriculture, and over a period of some eight (8) years, executed and delivered five (5) different Deeds of Trust on the subject property to the Farmers Home Administration (herein after referred to as FHA) The Rust family defaulted in the payment of this debt to FHA. The last payment was made in 1983.

On May 24, 2004, FHA conducted a foreclosure sale wherein Anita E. Mann and Henry Mann were the highest and best bidders and they were declared the purchasers of this real property. This resulted in a Trustees Deed from the United States of America, U. S. Department of Agriculture to Anita E. Mann and Henry Mann dated May 24, 2004 and recorded in Land Deed Book, 299 page 138 of the Land Records of George County Mississippi.

In the meantime, on October 20, 1987 Howard W. Rust and Wilma J. Rust conveyed the subject property to Sherrie Clark, by quitclaim deed recorded in Land Deed Book 182 at page 363 of the Land Records of George County, Mississippi.

On August 7, 1999, Sherrie Clark and his wife, Jessie Clark, conveyed this property by Warranty Deed to Alben D. Brown, recorded in Land Deed Book 277 page 104 of the Land Records of George County, Mississippi.  Notably, these deeds from Rust to Clark to Brown were all subject to the Deeds of Trust in favor of FHA as set forth above.

On February, 1, 2005, Alben Brown, Sherrie Clark and Jessie Clark filed their complaint for confirmation of title to this real property challenging the validity of the title of Anita E. Mann and Henry Mann. They claimed that FHA should have been estoppel from foreclosing these deeds of trust because FHA made no effort to collect the promissory notes secured by the deeds of trust or to foreclose the deeds of trust at an earlier time after default.

This suit was originally filed in the chancery Court of George County Mississippi. In addition to the Manns, plaintiffs sued FHA who removed this case to this court pursuant to title 28 Section 1446 (a) of the U.S. Code.

The United States of America has been dismissed from this suit. This Court has jurisdiction of this cause.

2

## LAW

Rule 56 of the Federal Rules of Civil Procedure states in relevant part that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56©).   The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. V. Catrett,* 477 U.S.  317, 322, 106 S.Ct 2548, 91 L.Ed.2d 265 (1986); *see also Moore v. Mississippi Valley State Univ.,* 871 F.2d 545, 549 (5th Cir. 1989); *Washington v. Armstrong World Indus.,* 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 St Ct.  2548. The movant need not, however, support the motion with materials that negate the opponents' claim. *Id.* As to issues on which the nonmoving party has the burden of proof at trial, the moving party needs only point to portions of the record that demonstrate an absence of evidence to support the nonmoving party's claim. *Id* at 323-324, 106 S.Ct 2548. The nonmoving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. 2548.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. The district court, therefore, must not "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." *Kennett-Murray Corp. v. Bone,* 622 F.2d 887, 892 (5th Cir 1980) Summary judgment is improper where the court merely believes it unlikely that the nonmoving party will prevail at trial. *National Screen Serv. Corp. V. Poster Exchange, Inc.,* 305 F.2d 647, 651 (5th Cir. 1962).

## ISSUE

Plaintiffs base their claim for relief on the tardiness of FHA in foreclosing the deeds of trust, all of which were more than twenty (20) years old at the time of the foreclosure sale on May 24, 2004. FHA acknowledges that the last payment by the Rust family on their indebtedness to FHA was made on March 25, 1983. There is no real explanation for the delay in foreclosing these deeds of trust.

As noted above, plaintiffs believe not only that the six (6) year statute of limitations had run against FHA but also FHA should be estoppel from foreclosing these Deeds of Trust because of the extraordinary delay in proceeding to do so. Although the plaintiffs have understandable reasons for their alleged claim to this property, nevertheless, the 5th Circuit Court of Appeals has

3

spoken directly to this point.  In *the United States of America (FHA) v Muirhead*, 42 F.3d 964
(5th Cir.1995) cert. Denied 516 U.S. 806,116 S.Ct.50, 133 L.Ed. 2d 16, (1995),  the court stated:

> "The question in this case is whether the Farmers Home Administration, a federal
> agency, may be barred by state statute from enforcing its lien on Mississippi
> property, when the statutory bar arises from FHA untimeliness.  Consistent with
> other federal court of appeals, we hold that it may not be so barred............During
> 1979 and 1980, the Muirhead defendants executed promissory notes in favor of the
> (FHA) that were secured by deeds of trust on properties located in Mississippi.  In
> April 1982, FHA sent the Muirheads notices of acceleration declaring all of the
> promissory notes immediately due and payable.  A second notice of acceleration
> and demand for payment was sent to the Muirheads in May, 1985.  FHA prepared to
> initiate foreclosure proceedings on the deeds of trust in October 1991 and brought
> this action to reform on the deeds.  The Muirheads answered and counterclaimed
> that under Mississippi law, none of the liens was enforceable because the statute of
> limitations had run on each of the underlying notes.  While this action was pending,
> the properties covered by the deeds of trust........were sold by FHA at a foreclosure
> sale.  As a result, the Muirheads amended their counterclaim to set aside the sales.
> The district court granted the government's motions to dismiss the counterclaim and
> for summary judgement.  The court concluded that, while FHA may have been
> time-barred by federal law, 28U.S.C. 2415 (a)(1988), from bringing an action on the
> notes, the government was not barred by limitations from bringing a foreclosure
> action.  We have reviewed the judgment of the district court and AFFIRM."

While it is troubling to this court that FHA waited such a long period of time to begin foreclosure
of these deeds of trust securing long past due promissory notes, yet, the plaintiffs purchased this
property from one of the FHA debtors when the property was clearly subject to FHA's Deed of
Trust.  Perhaps a simple title check would have revealed this encumbrance and this unfortunate
situation could have been avoided.

### COUNTERCLAIM

The Mann's counterclaim in this case, asserting that they are entitled to have their title confirmed,
remove a cloud upon their title and displace the counter defendant, Allen D. Brown, Jessie Clark,
and Sherrie Clark from possession of this property.

The Court finds that the Mann's have properly deraigned their title to this property as required in
the case of *Russell v. Town of Hickory*, 116 Miss 46, 76 So. 825 (Miss.1917).  However, the
Mann's are not in possession of this property at this time.  Therefore, their title cannot be
confirmed, Miss Code Annotated  Section 11-17-29 (1972).  But, the Manns are entitled to have
any claim of Plaintiffs to this property removed as a cloud on the title to the property.  Specifically,
the Court finds that the quitclaim deed dated October 20, 1987, from Howard W. Rust and Wilma

4

J. Rust to Sherrie Clark and the subsequent deed from Sherrie Clark and wife, Jessie Clark to Alben D. Brown dated August 7, 1999,  should be removed as clouds on plaintiffs title to the subject property.

Counterclaimants allege they are entitled to damages because cross defendants have refused to vacate this property, and have slandered Counterclaimants title to the property.  It is further alleged that Counterclaimants should be awarded a reasonable sum for the loss of use of their property and for the expenses of defending this cause of action, including a reasonable attorney's fee and related cost.

The Court finds that Counterclaimants should be awarded damages as outlined above.  The court will set a date for a hearing on this damage claim.

**THEREFORE**, The Court  finds that Counterclaimants, Anita E. Mann and Henry Mann are the lawful owners of this real property and that the quitclaim deed from Howard W. Rust Jr. And Wilma L. Rust to Sherrie T. Clark dated October 20, 1987, and recorded in Land Deed Book 292 page 326 of the land records of George County, Mississippi, and the warranty deed from Sherrie T. Clark and wife, Jessie J. Clark to Alben D. Brown dated August 7, 1999, and recorded in Land Deed Book 277 page 104 of the land records of George County, Mississippi, are hereby declared null and void, and are hereby stricken as a cloud on Counterclaimants title to this land.

An appropriate judgment will be entered granting partial summary judgment to Counterclaimants.

This 27th day of December,  2006.

*L. J. Senter, Jr.*

L. T. Senter,  Jr.
Senior District Judge